UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY L. PETERS, | ) |
| Plaintiff, | ) ) ) |
| V. | ) Case No. 4:14CV1324 NCC |
| MERS GOODWILL, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the court is Defendant MERS Goodwill's Motion for Summary Judgment. (Doc. 46). Plaintiff has filed Responses. (Docs. 50, 54). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). (Doc. 13).

## I.
## STANDARD FOR SUMMARY JUDGMENT

The court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn. & E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

Where the non-moving party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences

are to be drawn in its favor. Id. at 255; Matsushita Elect. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Id. at 252. With these principles in mind, the court turns to an analysis of Defendant's Motion for Summary Judgment.

## II.
## FACTUAL BACKGROUND[1]

---

[1] The facts are undisputed unless otherwise stated. In response to Defendant's Motion for Summary Judgment, Plaintiff has filed two documents, purporting to be "affidavits." (Doc. 54-1). As this court previously informed Plaintiff (Doc. 52), a proper affidavit must be signed, attested before a notary public, and bear a notary seal. Elder–Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006). The purported affidavits submitted by Plaintiff do not reflect that the affiants swore to them before the notary whose seal appears on the affidavits. As such, these documents are not properly before the court as affidavits in support of Plaintiff's Response to the pending Motion for Summary Judgment. Brooks v. Tri–Systems, Inc., 425 F.3d 1109, 1111 (8th Cir. 2005) (inadmissible evidence "may not be used to support or defeat a motion for summary judgment"). In any case, as discussed below, the substance of the "affidavits" does not refute the factual allegations of Defendant's Statement of Uncontroverted Material Facts, and is not relevant to or dispositive of issues raised in Defendant's Motion for Summary Judgment. (Doc. 47 at 4-5). See Anderson, 477 U.S. at 248; Farnsworth v. Covidien, Inc., 2010 WL 147812, at *11 (E.D. Mo. 2010) (granting defendant's motion to strike affidavit submitted by plaintiff because affidavit was irrelevant to defendant's motion for summary judgment).

Plaintiff's date of birth is October 6, 1967. (Doc. 47-1 (Pl. Dep.) at 7). On Thursday, January 9, 2014, Plaintiff, who was employed by Defendant, was involved in a loud, verbal altercation, at work, with co-worker Michael Pearson. At the time of the altercation, Pearson was twenty-one years old. Plaintiff and Pearson were instructed by their Lead Supervisor, Jonathan Davis, to go to his office to receive written discipline because they were being suspended and sent home. In response to Supervisor Davis' instructions to go to his office, Plaintiff told him to "[f]uck him with his gay ass." Plaintiff was immediately sent home by Supervisor Davis due to his insubordinate behavior towards Supervisor Davis. Mr. Pearson complied with Supervisor Davis' instruction without further incident or comment, and signed his written discipline. Supervisor Davis prepared a corrective action form for Mr. Pearson but did not prepare one for Plaintiff because Plaintiff was sent home. (Doc. 47[2] (Def. Statement of Uncontroverted Material Facts) (D.S.U.M.F.), ¶¶ 2-6; Doc. 47-2) (Davis Aff.), ¶¶ 7-18).

---

Moreover, in support of its Statement of Uncontroverted Material Facts, for each fact stated, Defendant has cited sworn deposition testimony and properly sworn and notarized affidavits. See 62 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 708 (L. Ed. 2007) (evidence is admissible for the purpose of a summary judgment motion if it is in the form of either admissible documents or attested testimony, such as depositions or affidavits). As such, all of the factual allegations in Defendant's Statement of Uncontroverted Material Facts are undisputed. Anderson, 477 U.S. at 247.

[2]. Defendant did not file its Statement of Uncontroverted Material Facts separately from its Memorandum in Support of its Motion for Summary Judgment.

Defendant's Employee Handbook has a Harassment Policy which provides that Defendant will not permit harassment of its employees by anyone, and that harassment includes verbal conduct and is not limited to, among other things, "offensive language, comments, slurs, epithets, jokes, negative stereotyping," and "threatening, intimidating, or hostile acts." (Doc. 47-7 at 29). Also, Defendant's Employee Handbook states, in a section titled "Cause for Discipline," that "[u]se of profanity while on agency premises" and "[i]nsubordination, including improper conduct toward a supervisor," may lead to an employee's immediate suspension or termination. (Doc. 47-7 at 45-46). The Employee Handbook is given to every employee upon the commencement of employment and was in effect while Plaintiff was employed by Defendant. (Doc. 47-4 (White Aff.), ¶ 8). Plaintiff signed an acknowledgment that he received a copy of the Employee Handbook upon his being hired by Defendant. (Doc. 47-6 (Employee Acknowledgement Form)).

On January 9, 2014, Supervisor Davis called John Mertz, Defendant's Recycling Manager, who is Supervisor Davis' immediate supervisor, and informed him that Plaintiff and Mr. Pearson had been in an argument and that Supervisor Davis had sent both men home. (Doc. 47-5 (Mertz Aff.), ¶ 8). On January 10,

---

Defendant's Statement of Uncontroverted Material Facts appears on pages 4 through 5 of its Memorandum. The court will refer to Defendant's Statement of Uncontroverted Facts by paragraph number.

2014, Philesa White, Defendant's Vice President of Human Resources, spoke with Kevin Shaw, Defendant's Vice President of Retail for Defendant's Outlet and Transportation, Ron Scanlon, Defendant's Director of Loss Prevention, Recycling Manager Mertz, and Supervisor Davis, who reported to her that Plaintiff and Mr. Pearson had been involved in the January 9, 2014 verbal altercation. On Monday, January 13, 2014, Vice President White, based on information provided to her, concluded that Plaintiff had violated company policies prohibiting insubordination and the use of profanity, specifically, the policy against the use of profanity towards a supervisor, and she recommended that Plaintiff's employment with Defendant be terminated. (Doc. 47-4 (White Aff.), ¶ 15). Also, on January 13, 2014, the decision to terminate Plaintiff for his violation of Defendant's policies was discussed and made amongst David Kutchback, Chief of Staff/Assistant Chief Executive Officer, Vice President Shaw, and Vice President White, all of whom are over forty years of age. Plaintiff's employment with Defendant was terminated on January 13, 2014. The decision to terminate Plaintiff was based solely on his actions, on Defendant's property, on January 9, 2014, as described above. (White Aff., ¶¶ 14-17).

Plaintiff never complained to Defendant's representatives that he believed he was discriminated against based on his age, and did not call Defendant's hotline to report that he believed he was discriminated against based on his age. Plaintiff was

not replaced with any specific employee. Rather, his job duties were spread out among existing staff at Defendant's Outlet Center. (D.S.U.M.F., ¶¶ 11-12 (citing Pl. Dep. at 44; White Aff., ¶¶ 9-13; Davis Aff., ¶ 21; Mertz Aff., ¶ 11).

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC), on April 29, 2014, in which he alleged that Defendant terminated him due to his age. (Doc. 1-1). Specifically, Plaintiff alleged, in his EEOC Charge of Discrimination, that he was older than forty and that:

> [He] was hired by [Defendant], on December 3, 2013, as a warehouse worker in the recycling department. [His] performance was satisfactory. [] On January 9, 2014, [he] was threatened with bodily harm, while on the job, by Mike Wilson[3] who [was] a twenty-three year old employee of [Defendant's]. The supervisor on duty decided to send both of [them] home. Plaintiff was told that [he] was being suspended for three (3) days although [he] made no threats and was the target of the threatening behavior . . . . The supervisor sent [Plaintiff] and Mr. Wilson home at the same time. Mr. Wilson followed [Plaintiff] home and attacked [him]. On January 15, 2014, [Plaintiff] was discharged by [Defendant] without being given a reason. Mike Wilson was not discharged and continue[d] to be employed with [Defendant].

(Doc. 1-1 at 2).

---

[3] In the EEOC Charge of Discrimination, Plaintiff incorrectly named Mr. Wilson as the person who allegedly threatened him. As stated above, the undisputed facts establish that the January 9, 2014 incident which led to Plaintiff's discharge involved Plaintiff and Mr. Pearson.

7

On April 30, 2014, the EEOC issued a Right to Sue letter, in which Plaintiff was informed that he had ninety days to file a lawsuit against Defendant. (Doc. 1-1 at 1).[4]

In his Complaint, filed with this court on July 29, 2014, Plaintiff alleges that, on January 9, 2014, "Mike Wilson" threatened him with bodily harm while they both were on the job; that both Plaintiff and Mr. "Wilson" were sent home by their supervisor; that Mr. "Wilson" followed him home and "started to attack [him]"; that Plaintiff called the police; and that, when the police came to Plaintiff's home, he told them that Mr. "Wilson" had said that they "could have a fist fight and threatened [Plaintiff] to have a gun." (Doc. 1 at 6-7). Plaintiff has provided hand-written statements from two individuals in which the individuals state that, "on January 10, 2013 [sic]," a policeman came to a location where Plaintiff was; that the policeman handcuffed Plaintiff; that Plaintiff spoke with the policeman; and then the policeman uncuffed Plaintiff. (Doc. 50 at 1-2).

---

[4] A plaintiff filing a complaint in federal court, based on the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq., is required to exhaust his administrative remedies by filing a Charge of Discrimination with the EEOC. See Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996) (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994)); Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). "Before the federal courts may hear a discrimination claim, an employee must fully exhaust [his] administrative remedies." Burkett v. Glickman, 327 F.3d 658, 660 (8th Cir. 2003). "Administrative remedies are exhausted by the timely filing of a charge [with] and the receipt of a right-to-sue letter [from]" the EEOC. Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002). It is undisputed, in the matter under consideration, that Plaintiff has exhausted his administrative remedies.

Also, in his Complaint, Plaintiff alleges that Defendant discriminated against him based on his age because his employment was terminated after a verbal altercation with a younger co-worker; that he was terminated but the younger co-worker was not; that the terms and conditions of his employment differed from those of similarly situated employees; that Defendant terminated him based on his age; and that his termination by Defendant violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq. Plaintiff repeated the factual basis of his claim, as stated in the EEOC Charge of Discrimination, and added that, after he "clocked out," on January 9, 2014, Mr. "Wilson" followed him home and started to attack him; that Plaintiff called the police regarding Mr. "Wilson's" attacking him; that, the next day, Plaintiff went to work at Defendant's facility and was "fired with no reason"; and that Mr. "Wilson" is still working for Defendant. (Doc. 1 at 1-7).

### III.
### LEGAL FRAMEWORK

Under the ADEA, an employer is prohibited from discriminating against an employee because of his or her age. 29 U.S.C. § 623(a). "A plaintiff may establish [his] claim of intentional age discrimination through either direct evidence or indirect evidence." King v. United States, 553 F.3d 1156, 1160 (8th Cir. 2009). As stated by the Eighth Circuit in Tramp v. Associated Underwriters, Inc., 768 F.3d 793, 800 (8th Cir. 2014), "[t]o establish a claim under the ADEA,

9

[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the 'but-for' cause of the challenged employer decision." (quoting Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177–78 (2009)). Upon considering an ADEA claim, a court must first consider whether a plaintiff sets forth sufficient evidence to establish that his discharge was the "but-for" cause for his discharge. Where a defendant provides evidence that the plaintiff's discharge was legitimate and not discriminatory, a plaintiff fails to show sufficient evidence in this regard. Farnsworth v. Covidien, Inc., 2010 WL 147812, at *15 (E.D. Mo. Jan. 11, 2010). Pursuant to this analysis, the court will not act as a "super-personnel department, second-guessing the wisdom of business[] personnel decisions." Id. (internal citations and quotations omitted). Thus, where a plaintiff does not dispute that he engaged in the conduct which the defendant asserts is the basis for the plaintiff's discharge, but merely asserts that the conduct was "not enough for [him] to be fired," the plaintiff has failed "to establish a cause of action under the ADEA." Id.

Also, when considering an ADEA case, a court applies the McDonnell Douglas burden shifting test.[5] Farnsworth, 2010 WL 147812, at *13. As such, in

---

[5] While there is some question as to whether or not the but-for test established by the Supreme Court in Gross, 577 U.S. at 180, and whether the McDonnell Douglas burden shifting analysis apply to cases where there is direct evidence of age discrimination, the Eighth Circuit holds that these tests apply in cases where there is no direct evidence of age discrimination. Farnsworth, 2010 WL 147812 at *13.

order to establish a case of unlawful age discrimination based on indirect evidence, a plaintiff must show that: "'(1) he is a member of a protected age group; (2) he was performing his job at a level that met his employer's legitimate expectations; (3) he was discharged; and (4) he was replaced by a younger worker.'" Id. at *15 (quoting Hitt v. Harsco Corp., 356 F.3d 920, 924 (8th Cir. 2004)). As explained in Farnsworth, 2010 WL 147812, at *15:

> If "the plaintiff's responsibilities were not reassigned to a specific individual, . . . the plaintiff must satisfy the fourth element of the prima facie case by showing that age was a factor in the employer's decision to terminate." Id. (internal citation omitted). If plaintiff is able to establish a prima facie case of age discrimination, "the burden shifts to the defendant to 'produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason.'" Id. (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L.Ed.2d 105 (2000)) (alteration in original). If the defendant is able to do so, the burden then shifts back to the plaintiff, who must "'prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'" Id. (quoting Reeves, 530 U.S. at 143).

See also Rahlf v. Mo–Tech Corp., 642 F.3d 633, 637 (8th Cir. 2011) ("Once [a plaintiff] establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action. If the employer does so, [the plaintiff] must show that the employer's proffered reason was pretext for discrimination.") (internal quotations and citations omitted).

Specifically, where a plaintiff alleges disparate treatment in the course of age discrimination, "'[w]hatever the employer's decision making process, a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process *and* had a determinative influence on the outcome.'" Tramp, 768 F.3d. at 801 (quoting Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993) (emphasis in original). See also Rahlf, 642 F.3d at 637 ("At all times, [a plaintiff] retains the burden of persuasion to prove that age was the 'but-for' cause of the termination."). Moreover, consistent with the "but-for" test applicable to an ADEA disparate-treatment claim, "'[t]he burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.'" Farnsworth, 2010 WL 147812, at *12 (quoting Gross, 557 U.S. at 180).

## IV.
## DISCUSSION

Clearly, Plaintiff has not presented direct evidence that he was terminated based on his age. Moreover, he has not presented any evidence that age played any role in Defendant's decision to terminate him, other than that he was in the protected age group. See Tramp, 768 F.3d. at 801. On that basis alone, summary judgment should be granted in Defendant's favor, as Plaintiff has not shown that his age was a "but-for" reason for his discharge. See Gross, 557 U.S. at 177–78;

Tramp, 768 F.3d at 800-801; Farnsworth, 2010 WL 147812, at *15. Nonetheless, the court will consider the McDonnell Douglas burden shifting test.

A.   Plaintiff Did Not Meet Defendant's Legitimate Job Expectations:

As for the whether Plaintiff met the first element of McDonnell Douglas burden shifting test – whether Plaintiff met Defendant's legitimate expectations for his job performance - it is undisputed that Defendant had a policy prohibiting the use of offensive language and intimidating and threatening acts, and it is undisputed that, after Plaintiff engaged in a loud, verbal altercation at work, Plaintiff directed offensive language at his supervisor when the supervisor instructed him to go to the supervisor's office to receive a written warning. Thus, the undisputed facts establish that Plaintiff was not meeting Defendant's legitimate expectations.

B.   Plaintiff Was Not Replaced by a Younger Individual:

As for the second element of McDonnell Douglas burden shifting test – that Plaintiff was replaced by a younger individual - the undisputed facts establish that Plaintiff was not replaced by a younger individual. Plaintiff, therefore, must establish that age was a factor in Defendant's decision to terminate him. Farnsworth, 2010 WL 147812 at *15. To the extent Plaintiff suggested, in his deposition, that Supervisor Davis would occasionally refer to him as "old man," Plaintiff also testified that he knew Supervisor Davis was joking with him and that

no one else ever made a comment to him about his age. (Pl. Dep. at 42). In any case, Plaintiff has not presented any evidence to contradict evidence submitted by Defendant that Plaintiff's age did not play any role in the decision to terminate him.

C.   Defendant Presented a Legitimate Non-Discriminatory Reason for Plaintiff's Discharge:

Defendant has presented a legitimate, non-discriminatory reason for terminating Plaintiff, in that Plaintiff violated company policies prohibiting insubordination against a supervisor and the use of profanity and that he violated Defendant's Code of Ethics and Harassment Policies, as stated in its Employee Handbook. To the extent Plaintiff has suggested, in his Complaint, that the fact that the younger co-worker, with whom he had the loud, verbal altercation, was not terminated, it is undisputed that Supervisor Davis imposed the same discipline on the younger worker and Plaintiff as a result of the verbal altercation; that they both were sent to his office where they were to receive suspensions; that the younger worker complied with Supervisor Davis' instructions, while Plaintiff engaged in the violations of company policy which were the basis for his discharge; and that Plaintiff was not terminated for his participation in the verbal altercation, but that he was terminated for his conduct, directed toward his supervisor, after the altercation. Notably, up until the point when Plaintiff directed profanity at his supervisor, he was treated exactly the same as his younger co-worker as they both

14

were to receive a suspension. Although the younger co-worker complied with the supervisor's instructions, without using profanity, Plaintiff failed to do so. Thus, to the extent Plaintiff has suggested disparate treatment as evidence of a discriminatory motive on the part of Defendant, Plaintiff's argument fails.

D.  There is No Evidence of Pretext:

Finally, Plaintiff has not put forth any evidence that Defendant's proffered reason for his discharge is a pretext. Moreover, the undisputed facts establish that, during the time period of December 1, 2013, through December 31, 2014, Defendant terminated 40 employees for reasons similar to the reasons that Plaintiff was terminated, and that 29 of those 40 employees were under the age of 40. (White Aff., ¶¶ 20-21; Doc. 47-9). Additionally, all of the persons who made the decision to terminate Plaintiff were over the age of forty (White Aff., ¶ 16); the individual who hired Plaintiff was in the protected class at the time of Plaintiff's hire (Mertz Aff., ¶¶ 5-6); and, during January 2014, Defendant employed 130 persons at its Outlet Center, of whom at least 40 were 40 years old or older (Doc. 47-10). As such, the court finds that Plaintiff has not met his burden, pursuant to the McDonnell Douglas burden shifting test, to establish that his discharge violated the ADEA, and that, therefore, summary judgment should issue in Defendant's favor.

# V.
# CONCLUSION

For the foregoing reasons, the court finds that there are no genuine issues of material fact; that Defendant is entitled judgment as a matter of law; and that summary judgment should be granted in favor of Defendant. Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant MERS Goodwill's Motion for Summary Judgment is **GRANTED** (Doc. 46); and

**IT IS FURTHER ORDERED** that a Judgment in Defendant MERS Goodwill's favor shall issue contemporaneously with the Memorandum and Order.

**IT IS FINALLY ORDERED** that the Jury Trial setting of May 16, 2016, is **VACATED**.

Dated this 13th day of January, 2016.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE